## TAX COMMISSION v PIXLEY

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14386.  Decided April 22, 1935

Wm. H. Middleton, Jr., Waverly, for plaintiff in error.

Henderson, Quail, McGraw & Barkley, Cleveland, for defendant in error.

## OPINION

By TERRELL, J.

We conclude that the method adopted in calculating the inheritance tax on the succession of Ella M. Quail to the property of the estate in Ohio was the proper method. We fail to see how the rights of the exceptor, Ella M. Pixley, are in any way affected by the order of the Probate Court. She was not required to pay the tax in any respect. It does not affect her right to receive the full amount of her legacy. The order is against the executrix to pay said tax and it is a lien upon the Ohio real property until paid. It does not affect any property in Kansas. The only reason that the legacy of $5000.00 to Ella M. Pixley is considered at all, is as a yardstick to measure the amount and rate of tax upon the succession of Ella M. Quail to the Ohio property. Both of these parties are in the class of general devisees or legatees. Their gifts from the testator were not "specifically bequeathed or devised" and the gift of the Ohio real estate to Ella M. Quail was a succession "under a residuary clause in a will." Therefore, under §5345-2 GC, for the purpose of fixing the inheritance tax only, this Ohio property "shall be deemed to be transferred proportionately" between Ella M. Pixley and Ella M. Quail "in accordance with their several interests in the estate." That means in accordance with their several proportionate interests in the whole estate and not as their interests

may be divided into personalty and realty of the estate.

The succession to that portion of the Ohio property "deemed" to have been transferred to Ella M. Pixley under the statute would bear seven percent tax and the succession to that portion of the Ohio property "deemed" to have been transferred to Ella M. Quail, less the amount of the exemption, would bear one percent tax under the statute.

It thus follows that no inheritance tax is charged upon the legacy of $5000.00 to Ella M. Pixley. It was not found by the court that she had any interest in the Ohio property. It would not make any difference that the bequest to her was paid or might have been payable out of the personalty in Kansas. The legislature enacted §5345-2 GC, as a rule to determine the amount and rate of tax. There is no question raised but what the legislature had ample power to enact this law.

The Probate Court was correct in following the method prescribed by §5345-2 GC, in determining the inheritance tax herein and the ruling of Common Pleas Court was erroneous.

The judgment of the Common Pleas Court is hereby reversed and that of the Probate Court is sustained.

LIEGHLEY, PJ, and LEVINE, J, concur in judgment.